Lorenzo E. Gasparetti (SBN 135976)
lgasparetti@reedsmith.com
Karen A. Braje (SBN 193900)
kbraje@reedsmith.com
**REED SMITH LLP**
101 Second Street
Suite 1800
San Francisco, CA 94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Attorney for Defendants
DB Structured Products, Inc. and Deutsche
Bank Securities Inc.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| STEPHANI JACKSON, an Individual, <br><br> Plaintiff, <br><br> vs. <br><br> ATLANTIC SAVINGS OF AMERICA; DEUTSCHE ALT-A SECURITIES MORTGAGE LOAN TRUST SERIES 2007-1; AMERICAS SERVICING COMPANY; DB STRUCTURED PRODUCTS, INC.; ACE SECURITIES CORP.; HSBC BANK USA; WELLS FARGO BANK, N.A.; and DOES 1-10, inclusive, <br><br> Defendants. | No.: 4:13-cv-05755-CW <br><br> **DEFENDANTS DB STRUCTURED PRODUCTS, INC. AND DEUTSCHE BANK SECURITIES INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DAMAGES** <br><br> **Date:** March 6, 2014 <br> **Time:** 2:00 p.m. <br> **Place:** Courtroom 2 <br><br> Compl. Filed: October 31, 2013 (Alameda County) <br> Trial Date: Not yet Set <br><br> Honorable Claudia Wilken |

No.: 4:13-cv-05755-CW

US_ACTIVE-116102446.1-KBRAJE 01/21/2014 10:10 AM

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on March 6, 2014, at 2:00 p.m., or as soon thereafter as the parties may be heard, in Courtroom 2– 4th Floor of the above-entitled Court, located at Ronald V. Dellums Federal Bldg., 1301 Clay Street, Oakland, California, defendants DB Structured Products, Inc. and Deutsche Bank Securities Inc., will and hereby do move, pursuant to Federal Rule of Civil Procedure 12(b)(6), for an order dismissing all claims alleged against them in Plaintiff's Complaint for failure to state a claim upon which relief can be granted.[1]

The Court should grant Defendants' motion to dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6) because the First Claim for Declaratory Relief, the Second Claim to Set Aside Deed of Trust, the Third Claim for Violation of Business & Professions Code § 17200, the Fourth Claim to Void or Cancel Trustee Deed Upon Sale, the Fifth Claim for Accounting and the Sixth Claim to Quiet Title are time-barred, unsupported by the law and/or unsupported by the facts of this case as against Defendants for the reasons explained more fully in the accompanying Memorandum of Points and Authorities.

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings in this case, and upon such other arguments or evidence as may be presented by counsel at the hearing on this motion.

DATED: January 21, 2014.

REED SMITH LLP

By: _____
Lorenzo E. Gasparetti
Karen A. Braje
Attorneys for Defendants
DB Structured Products, Inc. and Deutsche Bank Securities Inc.

---

[1] Plaintiff obtained a summons directed to Deutsche Bank Securities Inc. despite the fact that the Complaint does not name Deutsche Bank Securities in the caption and there is no reference to the company in the pleading. Out of caution, Deutsche Bank Securities brings this motion to obtain dismissal of the action as to it.

## TABLE OF CONTENTS

Page

I. INTRODUCTION ............................................................................................................. 1

II. FACTUAL BACKGROUND ........................................................................................... 1

III. LEGAL ARGUMENT ...................................................................................................... 2

    A. The Court Should Grant The Motion To Dismiss Consistent With The Applicable Legal Standard For 12(b)(6) Motions. ........................................... 2

    B. All Of Plaintiff's Claims Fail As To Defendant Deutsche Bank Securities Inc. Because It Was Not Involved in the Origination of the Loan, the Servicing of the Loan Or The Securitization. ......................................................... 3

    C. The Securitization Of A Loan Does Not Affect The Borrower's Obligations Or The Lender's Right to Foreclose And Cannot Serve As The Basis For Any Claim Alleged. ......................................................................... 4

    D. Plaintiff's First And Sixth Claims for Declaratory Relief and Quiet Title Fail As To DB Structured Products and Deutsche Bank Securities. .................. 6

    E. Plaintiff's Second and Fourth Causes of Action To Set Aside Deed of Trust And to Void or Cancel Trustee Deed Upon Sale Fail Because There Is No Basis To Void These Documents. ............................................................... 7

    F. Plaintiff's Third Claim For Violation of Business & Professions Code Section 17200 Fails Because There Are No Facts To Show That DB Structured Products Or Deutsche Bank Securities Acted Unlawfully, Unfairly or Fraudulently Or That He Has Standing. ............................................ 8

    G. Plaintiff's Fifth Claim For Accounting Fails Because There Are No Facts Pled to Show That Plaintiff Paid Any Money to DB Structured Products Or To Deutsche Bank Securities Such That An Accounting is Warranted. ............. 10

IV. CONCLUSION ............................................................................................................... 11

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## TABLE OF AUTHORITIES

**Cases**

Armstrong v. Chevy Chase Bank, FSB,
  2012 WL 4747165 (N.D Cal. 2012) ........................................................................... 4
Ashcroft v. Iqbal,
  129 S. Ct. 1937 (2009) ............................................................................................... 3
Balistreri v. Pacific Police Dep't,
  901 F.2d 696 (9th Cir. 1988) ..................................................................................... 3
Bascos v. Fed. Home Loan Mortg. Corp.,
  2011 WL 3157063 (C.D. Cal. 2011) .......................................................................... 5
Bell Atlantic Corp. v. Twombly,
  550 U.S. 544 (2007) ................................................................................................... 3
Burns v. Hiatt,
  149 Cal. 617 (1906) ................................................................................................... 6
Candelo v. NDex West, LLC,
  2008 WL 5382259 (E.D. Cal. Dec. 23, 2008) ........................................................... 5
Cattie v. Wal-Mart Stores, Inc.,
  504 F. Supp. 2d 939 (S.D. Cal. 2007) ........................................................................ 9
Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.,
  20 Cal. 4th 163 (1999) ............................................................................................... 8
Civic Western Corp. v. Zila Industries, Inc.,
  66 Cal.App.3d 1 (1977) ........................................................................................... 10
Current, Inc. v. State Bd. of Equalization,
  24 Cal. App. 4th 382 (1994) ...................................................................................... 3
Del Valle v. Mortgage Bank of Cal.,
  No. CV-F-09-1316, 2009 WL 3786061 (E.D. Cal. Nov. 10, 2009) .......................... 7
Farmers Ins. Exch. v. Super. Ct.,
  2 Cal. 4th 377 (1992) ................................................................................................. 8
Gilmore v. American Mortg. Network,
  2012 WL 6193843 (C.D. Cal. 2012) .......................................................................... 4
Glue-Fold, Inc. v. Slautterback Corp.,
  82 Cal. App. 4th 1018 (2000) .................................................................................. 10
Hall v. Time, Inc.,
  158 Cal. App. 4th 847 (2008) ................................................................................. 8, 9
Hironymous v. Hiatt,
  52 Cal. App. 727 (1921) ............................................................................................ 7
Jenkins v. JP Morgan Chase Bank, N.A.,
  216 Cal.App.4th 497 (2013) ...................................................................................... 5
Khoury v. Maly's of Cal., Inc.,
  14 Cal. App. 4th 612 (1993) ...................................................................................... 9
Lane v. Vitek Real Estate Ind. Group,
  713 F.Supp.2d 1092 (E.D.Cal. 2010) ........................................................................ 4
Laster v. T-Mobile USA, Inc.,
  407 F. Supp. 2d 1181 (S.D. Cal. 2005) ...................................................................... 9
Logvinov v. Wells Fargo Bank,
  2011 WL 6140995 (N.D.Cal. 2011) ....................................................................... 4, 8
McIntosh v. Mills,
  121 Cal. App. 4th 333 (2004) .................................................................................... 8
Miller v. Provost,
  26 Cal. App. 4th 1703 (1994) .................................................................................... 6
Nguyen v. Bank of Am. Nat'l Ass'n,
  2011 WL 5574917 (N.D.Cal. 2011) ........................................................................... 4

*Putkkuri v. ReconTrust Co.*,
   2009 WL 32567 (S.D. Cal. Jan. 5, 2009) ............................................................. 5
*Reyes v. GMAC Mortg. LLC*,
   2011 WL 1322775 (D. Nev. Apr. 5, 2011) .......................................................... 4
*Robertson v. Dean Witter Reynolds, Inc.*,
   749 F.2d 530 (9th Cir. 1984) ............................................................................... 3
*Sami v. Wells Fargo Bank*,
   2012 WL 967051 (N.D. Cal. 2012) ..................................................................... 4
*Saunders v. Super. Ct.*,
   27 Cal. App. 4th 832 (1994) ................................................................................ 8
*St. James Church v. Superior Court*,
   135 Cal.App.2d 352 (1955) ............................................................................... 10
*Stevenson v. Baum*,
   65 Cal. App. 4th 159 (1998) ................................................................................ 7
*Sullivan v. Washington Mutual Bank*,
   No. C-09-2161, 2009 WL 3458300 (N.D. Cal. Oct. 23, 2009) ........................... 6
*Teselle v. McLoughlin*,
   173 Cal. App. 4th 156 (2009) ............................................................................ 10
*United States v. Bestfoods*,
   524 U.S. 51 (1998) ............................................................................................... 3
*United States v. Ritchie*,
   342 F.3d 903 (9th Cir. 2003) ............................................................................... 3
*Warren v. Fox Family Worldwide, Inc.*,
   328 F.3d 1136 (9th Cir. 2003), *cert. denied*, 543 U.S. 1050 (2005) ................... 3
*Yazdanpanah v. Sacramento Valley Mortg. Group, No. C*,
   09-02024, 2009 WL 4573381 (N.D. Cal. Dec. 1, 2009) ..................................... 7

**Statutes**
Cal. Bus. & Prof. Code § 17204 ................................................................................. 9
Cal. Bus. & Prof. Code Section 17208 ....................................................................... 9
Cal. Civ. Code § 3412 ................................................................................................. 7
Cal. Civ. Code § 3413 ................................................................................................. 7
Cal. Civ. Code §§ 40, 1569, 1575 ............................................................................... 7
Cal. Code of Civ. Proc. § 761.020 .............................................................................. 6

**Rules**
Fed. R. Civ. Proc. Rule 12(b)(6) ................................................................................ 2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In March 2007, plaintiff Stephani Jackson ("Plaintiff") entered into a loan with Atlantic Savings of America secured by a deed of trust on the subject property located at 462-464 38th Street, Oakland, California 94609. Shortly thereafter, Plaintiff alleges that his loan was transferred to another entity and then securitized.

***More than six years later*** in an attempt to avoid the consequences of his default, Plaintiff seeks to cancel or void his loan documents and to obtain title to his property outright based upon the claim that securitization of the loan somehow renders his contractual, mortgage loan obligations void. Courts routinely reject this theory as advanced by Plaintiff. Plaintiff does not allege any facts to show wrongdoing by DB Structured Products, Inc. or Deutsche Bank Securities Inc. in the Complaint– and in fact, there is no reference to either entity other than a brief reference to DB Structured Products as "sponsor" of the securitization in Attachment A to the Complaint. Plaintiff does not allege that either entity was involved in the origination, servicing or transfer of his loan or that they claim any current interest in the loan or the secured property. Moreover, it is not clear why Plaintiff was able to obtain a summons directed to Deutsche Bank Securities when it is not named in the caption of the Complaint or referenced anywhere in the pleading.

Despite the absence of any factual allegations against either DB Structured Products or Deutsche Bank Securities, Plaintiff purports to allege six claims against DB Structured Products. All of these claims are flawed because they are time-barred and/or lacking in factual support. Moreover, the facts as pled show that Plaintiff cannot cure these deficiencies, defendants respectfully request that the Court dismiss the Complaint in its entirety with prejudice.

## II. FACTUAL BACKGROUND

Plaintiff Stephani Jackson ("Plaintiff") alleges that he owns real property located at 462-464 38th Street, Oakland, California 94609 ("Property"). Complaint ("Compl."), ¶ 10. In connection therewith, Plaintiff entered into a mortgage loan in the amount of $444,800.00 with Atlantic Savings of America secured by an interest in the Property ("Loan"). Compl., Exh. A, p. 21. The Loan was entered into on or about March 9, 2007. *Id.*

1  Plaintiff does <u>not</u> allege that either DB Structured Products, Inc. ("DB Structured Products")
2  or Deutsche Bank Securities Inc. ("Deutsche Bank Securities") participated in the origination of the
3  Loan, or that they were subsequent assignees or servicers of the Loan. Instead, Plaintiff's allegations
4  focus on the alleged subsequent securitization of the Loan which occurred on or about June 29,
5  2007. Compl., Exh. A, 11. <u>Even then, the only reference to DB Structured Products is the reference</u>
6  <u>to it as a "sponsor" for the eventual securitization of the Loan along with other mortgage loans.</u>
7  Compl., Exh. A, p. 11. <u>Plaintiff, however, is not a party to the securitization and cannot allege that</u>
8  <u>he has a relationship with DB Structured Products or that it owes them a contractual or other duty.</u>
9  Even more glaringly, there is no reference to Deutsche Bank Securities at all within the Complaint or
10 the attached Property Securitization Analysis Report.

11 Eventually, Plaintiff became delinquent on his Loan and foreclosure proceedings were
12 initiated. Plaintiffs allege that a Notice of Trustee's Sale was recorded on March 27, 2009, but then
13 rescinded for some reason. Compl., ¶¶ 8 and 9. Plaintiff goes on to make generalized allegations
14 against the mortgage lending industry and about the pooling and securitization of mortgage loans.
15 Compl., ¶¶ 12-25. However, these allegations are not specific to DB Structured Products or
16 Deutsche Bank Securities; they are directed at "defendants generally and collectively. *Id.*

17 Plaintiff filed suit on October 31, 2013, naming DB Structured Products and every other
18 defendant in each and every one of their causes of action despite the absence of any factual
19 allegations against any specific defendant. Plaintiff also obtained a summons directed to Deutsche
20 Bank Securities although it is not listed as a defendant in the caption of the Complaint and there is
21 no reference to it in the Complaint. Co-defendants removed the case to Federal court, but Plaintiff
22 did not provide notice of the removal to DB Structured Products or Deutsche Bank Securities when
23 he served them (counsel for defendants realized the case had been removed upon preparing this
24 Motion to Dismiss).

25                              **III.    LEGAL ARGUMENT**
26 **A.    The Court Should Grant The Motion To Dismiss Consistent With The Applicable Legal**
27        **Standard For 12(b)(6) Motions.**
28        A party may move to dismiss under Rule 12(b)(6) where the plaintiff has failed to state a

No.: 4:13-cv-05755-CW                           – 2 –

claim upon which relief can be granted. Fed. R. Civ. Proc. Rule 12(b)(6). For the purposes of a 12(b)(6) motion, the allegations of fact in the complaint are accepted as true and construed in the light most favorable to the plaintiff. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003), *cert. denied*, 543 U.S. 1050 (2005). However, in ruling on a Rule 12(b)(6) motion, the court need not accept as true conclusory allegations or legal characterizations cast in the form of factual allegations. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Rather, pleadings must contain more than labels and unsupported conclusions, and "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949-1952 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Dismissal can be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacific Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530 (9th Cir. 1984). The Court may take judicial notice of appropriate matters for purposes of a Rule 12(b)(6) ruling. *United States v. Ritchie*, 342 F.3d 903, 907-908 (9th Cir. 2003).

**B.     All Of Plaintiff's Claims Fail As To Defendant Deutsche Bank Securities Inc. Because It Was Not Involved in the Origination of the Loan, the Servicing of the Loan Or The Securitization.**

As a preliminary matter, it is a fundamental principle of corporate law that related corporate entities are to be treated as separate and distinct legal persons. *Current, Inc. v. State Bd. of Equalization*, 24 Cal. App. 4th 382, 391 (1994); *see also United States v. Bestfoods*, 524 U.S. 51, 61 (1998) ("It is a general principle of corporate law deeply 'ingrained in our economic and legal systems' that a parent corporation . . . is not liable for the acts of its subsidiaries.").

Plaintiff improperly obtained and served a summons directed to Deutsche Bank Securities despite the fact that <u>it is not named in the caption of the Complaint or in any other part of the Complaint</u>. Moreover, Plaintiff does not allege any specific facts to show that Deutsche Bank was involved with his Loan in any way. In fact, the purported Property Securitization Analysis Report attached to Plaintiff's Complaint shows that Deutsche Bank Securities did not originate the Loan, did not acquire the Loan, did not service the Loan and was not involved in the securitization.

Compl., Exh. A.

Plaintiff's claims are improperly alleged against Deutsche Bank Securities and the Complaint should be dismissed in its entirety with prejudice as to Deutsche Bank Securities on this ground alone. To the extent the Court looks further, however, all of the following arguments apply with equal force to both DB Structured Product and Deutsche Bank Securities.

### C. The Securitization Of A Loan Does Not Affect The Borrower's Obligations Or The Lender's Right to Foreclose And Cannot Serve As The Basis For Any Claim Alleged.

Plaintiff's claims against all defendants are based on a single, faulty argument: that because Plaintiffs' loan was allegedly securitized and sold into a trust pool, Defendants do not have standing or authority to foreclose. Compl. ¶¶ 21-22. Plaintiff makes no factual allegations related specifically to DB Structured Products and it is clear from the Property Securitization Analysis Report that it is listed only in passing as the "sponsor" for the securitization. Compl., ¶ Exh. A. Regardless, Plaintiff's securitization theory (and every claim premised upon it) fails, because the alleged securitization of Plaintiff's loan has no effect on the authority to enforce the terms of the Deed of Trust and/or to foreclose.

First, the alleged "securitization of the loan does not in fact alter or affect the legal beneficiary's standing to enforce the deed of trust." *Logvinov v. Wells Fargo Bank*, 2011 WL 6140995, * 3 (N.D.Cal. 2011); *see also Gilmore v. American Mortg. Network*, 2012 WL 6193843, * 5 (C.D. Cal. 2012) (stating that, "[w]hether the parties to the PSA complied with their obligations to each other is of no moment in determining whether plaintiff defaulted on his obligations under the contract with his lender"); *Nguyen v. Bank of Am. Nat'l Ass'n*, 2011 WL 5574917, at *9 (N.D.Cal. 2011) (securitization of mortgage loan does not provide mortgagor with cause of action); *Lane v. Vitek Real Estate Ind. Group*, 713 F.Supp.2d 1092, 1099 (E.D.Cal. 2010) (under California law, parties do not lose their interest in a loan secured by deed of trust when it is assigned to a trust pool). Put another way, "securitization merely creates 'a separate contract, distinct from [p]laintiffs['] debt obligations" under the note, and does not change the relationship of the parties in any way. *Reyes v. GMAC Mortg. LLC*, 2011 WL 1322775, at *3 (D. Nev. Apr. 5, 2011). Plaintiff's claims, all of which are premised on an allegedly improper securitization, are meritless. *Armstrong v. Chevy*

No.: 4:13-cv-05755-CW — 4 —
NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

*Chase Bank, FSB*, 2012 WL 4747165, * 4 (N.D Cal. 2012); *see also Sami v. Wells Fargo Bank*, 2012 WL 967051, *5-6 (N.D. Cal. 2012) (rejecting the theory that a party's failure to transfer or assign the loan to a securitized trust by the closing date set forth in the PSA somehow renders void any assignment beyond the closing date).

Second, Deeds of Trust provide that a Note or a partial interest in a Note can be sold one or more times without prior notice to the borrower. As a general matter, lenders can transfer their interest in a loan, without the borrower's consent, and without waiving the borrower's obligation to make the loan payments she owes to the loan servicer.

Third, to the extent Plaintiffs allege that the loan note has been separated from the Deed of Trust as a result of the alleged securitization [*see* Compl. ¶ 19], courts have plainly and repeatedly rejected this "separation of the note" theory. *Putkkuri v. ReconTrust Co.*, 2009 WL 32567, at *2 (S.D. Cal. Jan. 5, 2009) ("Pursuant to section 2924(a)(1) of the California Civil Code, the trustee of a Deed of Trust has the right to initiate the foreclosure process. . . . Production of the original note is not required to proceed with a non-judicial foreclosure."); *Candelo v. NDex West, LLC*, 2008 WL 5382259, at *4 (E.D. Cal. Dec. 23, 2008) ("No requirement exists under the statutory framework to produce the original note to initiate non judicial foreclosure.").

Fourth, Plaintiff lacks standing to challenge the alleged securitization of his Loan because he is an unrelated third party to the PSA. *Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal.App.4th 497, 514-515 (2013) (borrower lacked standing to enforce agreements, including the investment trust's Pooling and Service Agreement because she was not a party to the agreements and, even if any subsequent transfers of the note were invalid, she was not the victim of such transfers because her loan obligation remained unchanged); *Bascos v. Fed. Home Loan Mortg. Corp.*, 2011 WL 3157063, * 6 (C.D. Cal. 2011) (borrower has no standing to challenge the validity of a securitization when he or she is not an investor in the loan trust).

Plaintiff cannot state any viable claim against DB Structured Products (or Deutsche Bank Securities) based upon the alleged securitization of their loan for all of these reasons. The Court should grant the motion and dismiss all claims as to both defendants with prejudice without looking further.

D.  **Plaintiff's First And Sixth Claims for Declaratory Relief and Quiet Title Fail As To DB Structured Products and Deutsche Bank Securities.**

A cause of action to quiet title requires a verified complaint setting forth facts to show each of the following elements: (1) a description of the property that is the subject of the action; (2) the title of the plaintiff as to which a determination is sought and the basis of the title; (3) the adverse claims to the title of the plaintiff against which a determination is sought; (4) the date as to which determination is sought; and (5) a prayer for determination of title of the plaintiff against the adverse claims. Cal. Code of Civ. Proc. § 761.020.

Here, Plaintiff's Sixth Claim for Quiet Title also seeks a finding that the Property "belongs to Plaintiff." Compl., ¶ 79. Plaintiff's First Claim for Declaratory Relief also seeks a declaratory judgment in his favor as to whether "Defendant was the lawful successor in interest to fraudulent lien claim against Plaintiff is enforceable and whether it is secured or unsecured by any right, title or interest in Plaintiff's Property." Compl., ¶ 41. Plaintiff's claim is directed against the "defendants" who he claims were "willingly and knowingly the successor in interest of an invalid lien assignment." Compl., ¶ 36.

Plaintiff's quiet title claim fails as to DB Structured Products and Deutsche Bank Securities because there are no facts to show that either entity claims a current interest in the property adverse to Plaintiff. *See Sullivan v. Washington Mutual Bank*, No. C-09-2161, 2009 WL 3458300, *5 (N.D. Cal. Oct. 23, 2009) (dismissing quiet title claim as to JP Morgan whom plaintiff admits "does not have or claim any interest in the real property at issue" after the subject loan was transferred). Specifically, Plaintiff does not allege that DB Structured Products or Deutsche Bank Securities participated in the foreclosure or is otherwise asserting an adverse interest. *See* Compl., ¶¶ 12-25, 34-41 and 75-84.[2] Plaintiff also does not allege that either entity claims an interest in the Note, the

---

[2] It is also well-established that a mortgagor may not maintain a quiet title action against the mortgagee without first paying the outstanding debt on which the subject mortgage is based. *Miller v. Provost*, 26 Cal. App. 4th 1703, 1707 (1994) ("[A] mortgagor of real property cannot, without paying his debt, quiet his title against the mortgagee"). Indeed, equitable principles mandate that when a mortgagor seeks to quiet title as to a mortgagee without first discharging his contractual obligations, such action should be conditioned upon the return of amounts advanced by the mortgagee. *Burns v. Hiatt*, 149 Cal. 617, 621-22 (1906). Here, Plaintiff's quiet title claim also fails because Plaintiff does not allege that he has fulfilled his loan obligations. Indeed, Plaintiff implicitly acknowledges that he cannot meet his mortgage payments. *See* Compl., ¶¶ 8 and 9 (Notice of Trustee's Sale was recorded)). Plaintiffs' allegations therefore do not support a

No.: 4:13-cv-05755-CW — 6 —
NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

Deed of Trust or any other document that reflects an interest in the property. *Id.*

Plaintiff's quiet title and declaratory relief claims fail and should be dismissed with prejudice because there are no facts pled to show that either DB Structured Products or Deutsche Bank Securities is asserting an interest in the documents or the property and, in fact, the Property Securitization Analysis Report shows that they are not claiming any such interest.

### E. Plaintiff's Second and Fourth Causes of Action To Set Aside Deed of Trust And to Void or Cancel Trustee Deed Upon Sale Fail Because There Is No Basis To Void These Documents.

Cancellation of instruments is an equitable claim whereby a court can declare an instrument void when there is a reasonable apprehension that, if left outstanding, it will cause serious injury to a person against whom it is void or voidable. Cal. Civ. Code § 3412. To state a claim, plaintiff must allege: (1) there is a reasonable apprehension that the instrument left standing might cause serious injury; (2) the instrument is valid on its face; (3) the instrument is void or voidable; (4) the instrument was in existence or under defendant's possession and control when the action was filed; and (5) if the interest is voidable rather than void, that the plaintiff acted promptly to rescind. Cal. Civ. Code §§ 3412, 3413; *Hironymous v. Hiatt*, 52 Cal. App. 727, 731 (1921).

An instrument may be void or voidable on the following grounds: mental incapacity, minority, illegality, fraud, undue influence, duress, mistake, abuse of a confidential relationship, nondelivery of deed, and forgery. Cal. Civ. Code §§ 40, 1569, 1575; *Stevenson v. Baum*, 65 Cal. App. 4th 159, 164 (1998) (holding that plaintiff must plead and prove five elements of fraud including a false statement, knowledge, intent, reliance and damage to obtain contract remedies based on fraud). A plaintiff must specifically allege the grounds on which the instrument is void or voidable. *Hironymous*, 52 Cal. App. at 731.

Here, Plaintiff attempts to set aside or void the loan documents but a review of the Complaint does not reveal any viable basis to cancel the loan documents. <u>First</u>, Plaintiff does not specify how

---

claim that the outstanding balance on the subject mortgage has been satisfied, or can be satisfied. E.g., *Yazdanpanah v. Sacramento Valley Mortg. Group*, No. C 09-02024, 2009 WL 4573381, *8 (N.D. Cal. Dec. 1, 2009) (dismissing quiet title claim for failure to allege tender of proceeds to satisfy loan); *accord Del Valle v. Mortgage Bank of Cal.*, No. CV-F-09-1316, 2009 WL 3786061, *9 (E.D. Cal. Nov. 10, 2009).

No.: 4:13-cv-05755-CW — 7 —
NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

the Deed of Trust or the Deed Upon Sale are unlawful such that they can be cancelled. *See McIntosh v. Mills*, 121 Cal. App. 4th 333, 344 (2004) (defining contract as illegal when the subject of the contract is unlawful). Instead, Plaintiff attempts to rely on his securitization allegations as basis for an order setting aside these documents. Compl., ¶¶ 43-46, 67-68. As noted above, however, the securitization does not alter or relieve a borrower of his contractual obligations under a loan. *Logvinov*, 2011 WL 6140995, * 3; *See also* Section III.B, *supra*. Second, Plaintiff's own allegations make clear that neither DB Structured Products nor Deutsche Bank Securities holds any current interest in the Loan or the Property. *See* Compl., Exh. A.

In sum, Plaintiff fails to allege any basis on which to set aside or void the Deed of Trust or the Deed Upon Sale. Therefore, the Court should grant the motion and dismiss Plaintiff's second and fourth claims with prejudice.

F. **Plaintiff's Third Claim For Violation of Business & Professions Code Section 17200 Fails Because There Are No Facts To Show That DB Structured Products Or Deutsche Bank Securities Acted Unlawfully, Unfairly or Fraudulently Or That He Has Standing.**

California's Unfair Competition Law, Business & Professions Code §§ 17200, *et seq* ("UCL"), precludes any unlawful, unfair, or fraudulent business act or practice. The "unlawful" prong of the UCL applies where a practice is "forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." *Saunders v. Super. Ct.*, 27 Cal. App. 4th 832, 838-839 (1994) (citation omitted). In short, the UCL "borrows" violations of other laws and authorizes a separate action pursuant to the UCL. *See Farmers Ins. Exch. v. Super. Ct.*, 2 Cal. 4th 377, 383 (1992). The "unfair" prong applies when the practice at issue allegedly violates "the policy or spirit of [anti-trust] laws because its effects are comparable to a violation of the law, or that otherwise significantly threatens or harms competition." *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (1999). The "fraudulent" prong, post-enactment of Proposition 64, applies where a business act or practice actually misleads a plaintiff. *See Hall v. Time, Inc.*, 158 Cal. App. 4th 847, 849 (2008). Plaintiff must allege facts to support a claim under each of these prongs. *See Khoury v. Maly's of Cal., Inc.*, 14 Cal. App. 4th 612, 619 (1993) ("A plaintiff alleging unfair business practices under these statutes must state with reasonable particularity the facts….").

Recent statutory amendments impose a meaningful limitation on recovery under the UCL: a private person has standing to assert a UCL claim only if he or she (1) "has suffered injury in fact," and (2) "has lost money or property <u>as a result of</u> such unfair competition." Cal. Bus. & Prof. Code § 17204 (emph. added). This standing requirement imposes a causation requirement. *Hall*, 158 Cal. App. 4th at 855; s*ee also Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939, 946-947 (S.D. Cal. 2007); *Laster v. T-Mobile USA, Inc.*, 407 F. Supp. 2d 1181, 1194 (S.D. Cal. 2005).

Plaintiff's UCL claim fails as to DB Structured Products and Deutsche Bank Securities because it is premised entirely upon and duplicative of the other claims pled throughout the Complaint. Compl., ¶¶ 53, 57. However, every one of Plaintiff's other claims fails and, as a result, the UCL claim necessarily fails as well.

In addition, Plaintiffs fail to allege facts to demonstrate that <u>DB Structured Products or Deutsche Bank Securities</u> violated the UCL by engaging in conduct that is unlawful, unfair or fraudulent. Instead, Plaintiffs make conclusory allegations that "Defendants" acted improperly in connection with the foreclosure (Compl., ¶ 54) and with recording loan documents (Compl., ¶ 58. These allegations are insufficient to plead a viable claim as to either entity, because they were not Plaintiff's lender or servicer and there are no facts to show that either entity engaged in the conduct alleged.[3]

Finally, Plaintiff fails to plead facts to show that he has suffered injury in fact in the form of a direct, out-of-pocket loss as the result of actionable conduct. Instead, the Complaint reveals that Plaintiff is facing foreclosure and there are no facts to show that foreclosure is anything but appropriate or that this is due to anything but his own failure to make timely loan payments.

For all of these reasons, the Court should dismiss Plaintiff's Third Claim for Violation of Business & Professions Code § 17200 with prejudice.

---

[3] Even if Plaintiff could plead facts to show actionable conduct (which he cannot), any claim for violation of Business & Professions Code Section 17200 based upon the securitization of the Loan would be time-barred. The statute of limitations applicable to a claim for violation of Section 17200 is four years. Cal. Bus. & Prof. Code Section 17208. The Loan at issue was allegedly securitized in June 2007, but Plaintiff waited until October 2013 – <u>more than six years later</u> - to file suit. As such, Plaintiff's UCL claim is time-barred and fails for this additional reason.

G. **Plaintiff's Fifth Claim For Accounting Fails Because There Are No Facts Pled to Show That Plaintiff Paid Any Money to DB Structured Products Or To Deutsche Bank Securities Such That An Accounting is Warranted.**

An action for accounting lies when the suit is for recovery of an amount that is <u>unliquidated and unascertained</u> and cannot be determined without an accounting. *St. James Church v. Superior Court*, 135 Cal.App.2d 352, 359 (1955). Accounting actions are equitable claims that may be appropriate when there is a fiduciary relationship or when the accounts are so complicated that an ordinary legal action demanding a fixed sum is impractical. *Civic Western Corp. v. Zila Industries, Inc.*, 66 Cal.App.3d 1, 14 (1977). The claim is also dependent on a substantive basis for liability. *Glue-Fold, Inc. v. Slautterback Corp.*, 82 Cal. App. 4th 1018, 1023 n.3 (2000).

To state a claim, the complaint must set forth facts to show: a fiduciary relationship or other circumstances appropriate to the remedy; and a balance due <u>from the defendant to the plaintiff</u> that can only be determined by an accounting. *Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 179 (2009). A claim for accounting does not lie when the facts alleged show that although the amount of damages may be uncertain, all facts necessary to calculate the amount are alleged or within the plaintiff's knowledge. *St. James Church*, 135 Cal.App.2d at 359.

Here, Plaintiff claims that defendants are "Plaintiff's creditor and mortgage servicer" and that he "paid loans to the defendants" which are now owed to Bank of America and, therefore, he seeks return of the monies paid. FAC, ¶¶ 72-73. However, Plaintiff as the borrower and signatory to the promissory note and deed of trust has already received information as to the amount owed. This is not the appropriate circumstance for an accounting. Even if it were (which it is not), Plaintiff does not allege that DB Structured Products or Deutsche Bank Securities are his lender or his servicer; to the contrary, the only allegation is that DB Structured Products was the "sponsor" for a securitization. Compl., Exh. A. Moreover, Plaintiff does not allege that he made mortgage payments to either entity such that they would be required to return these funds. Finally, for all of the reasons discussed herein, there is no substantive basis for liability on which to ground this claim.

Accordingly, Plaintiff is not entitled to an accounting. The Court should grant this motion and dismiss the Fifth Claim for Accounting with prejudice.

## IV. CONCLUSION

Each and every one of Plaintiff's claims is flawed for the reasons set forth above. Defendants respectfully request that the Court grant this motion to dismiss and dismiss each and every one of Plaintiff's claims with prejudice as against DB Structured Products and Deutsche Bank Securities (to the extent these claims are alleged against this entity).

DATED: January 21, 2014.

REED SMITH LLP

By: _____
Lorenzo E. Gasparetti
Karen A. Braje
Attorneys for Defendants
DB Structured Products, Inc. and Deutsche Bank Securities Inc.