IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STEPHANI JACKSON,

     Plaintiff,

  v.

ATLANTIC SAVINGS OF AMERICA;
DEUTSCHE ALT-A SECURITIES
MORTGAGE LOAN TRUST SERIES 2007-
1; AMERICA'S SERVICING COMPANY;
MORTGAGE ELECTRONIC REGISTRATION
SYSTEM; CHICAGO TITLE COMPANY; DB
STRUCTURED PRODUCTS, INC.; ACE
SECURITIES CORP.; HSBC BANK USA;
WELLS FARGO BANK N.A.; and Does
1-10 Inclusive,

     Defendants.

_____/

No. C 13-05755 CW

ORDER GRANTING
MOTIONS TO DISMISS
(Docket Nos. 13
and 23) AND
GRANTING LEAVE TO
AMEND

Plaintiff Stephani Jackson[1] asserts various mortgage-related claims against Defendants Atlantic Savings of America, Deutsche Alt-A Securities Mortgage Loan Trust Series 2007-1, America's Servicing Company, Mortgage Electronic Registration Systems, Inc.

_____

[1] There is some confusion in Plaintiff's documents as to whether Plaintiff should be referred to as "she" or "he." For example, the complaint reads, "Plaintiff is entitled to an order compelling defendants . . . to remove the cloud they have placed upon his title." Compl. ¶ 66. However, Plaintiff's opposition reads, "The present motion before the Court is not a motion for Summary Judgment . . . and this Plaintiff is not held to proving her claims to a prima facie burden." Pl.'s Opp. 6. On the same page, the opposition reverts to "him": "Plaintiff's complaint is only to be held to the requirement of pleading his claim in a short and generalized manner[.]" In the 2007 Deed of Trust, of which the Court takes judicial notice, Plaintiff is referred to as an "unmarried woman." Defs.' Request For Judicial Notice (RFJN), Ex. A. For consistency's sake, "she" and "her" will be used when referring to Plaintiff.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

(MERS), Chicago Title Company, DB Structured Products, Inc. (DB), ACE Securities Corp., HSBC Bank USA and Wells Fargo Bank, N.A.[2]

Defendants Wells Fargo (also sued as America's Servicing Company), HSBC (as trustee for Deutsche Alt-A Securities Mortgage Loan Trust Series 2007-1, Mortgage Pass-Through Certificates) and MERS (Wells Defendants) move to dismiss Plaintiff's complaint. Defendant DB filed a separate motion to dismiss.[3]  Plaintiff has filed an opposition.[4]  Each set of Defendants filed a reply.  The Court took the motions under submission on the papers.  Having considered the arguments presented by the parties, the Court GRANTS the motions and GRANTS Plaintiff leave to amend.

---

[2] There is no indication that Plaintiff has served Defendants Atlantic Savings of America, Chicago Title Company, or ACE Securities Corp.  Rule 4(m) requires service on a defendant within 120 days after the complaint is filed.  The claims against Atlantic Savings of America, Chicago Title Company, Deutsche Alt-A Securities Mortgage Loan Trust Series 2007-1, and ACE Securities Corp. are dismissed for the same reasons they are dismissed against the other Defendants.  See Silverton v. U.S. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981) ("A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related.").  If Plaintiff wants to include these Defendants in any amended complaint, she must move for an extension of time to serve them, stating good cause for not having done so timely.

[3] Deutsche Bank Securities, which is not named in the caption, joined DB in its motion to dismiss "out of caution" because Plaintiff served a summons directed at Deutsche Bank Securities Inc.  All Deutsche entities will be referred to as DB.

[4] In her opposition, Plaintiff does not respond directly to any of Defendants' arguments.  Instead, the opposition recites a summary of the complaint and boilerplate regarding the legal standard under Rule 12(b)(6).

United States District Court
For the Northern District of California

BACKGROUND

I.   Facts

The following summary is taken from the complaint and documents of which the Court takes judicial notice.[5]

In March 2007, Plaintiff obtained two loans funded by Atlantic Savings of America in the principal amount of $556,000. This lawsuit concerns one of the loans, in the principal amount of $444,800.  Defs.' Request for Judicial Notice (RFJN), Ex. A.  The loan was secured by a deed of trust encumbering the real property located at 462-464 38th Street, Oakland, California.  RFJN, Ex. B. The beneficiary of the deed of trust was MERS and Chicago Title Company was appointed as the trustee.  Id.

In December 2008, NDEx West, LLC, as agent for MERS, recorded a notice of default on Plaintiff's loan.  RFJN, Ex. C.

In January 2009, MERS recorded an assignment of the deed of trust transferring its beneficial interests to HSBC, trustee for the holders of certificates issued by Deutsche Alt-A Securities Mortgage Loan Trust, Series 2007-1 (Deutsche Certificates).  RFJN, Ex. D.  Also in January 2009, NDEx West was recorded as replacing Chicago Title Company as the trustee.  RFJN, Ex. E.  A notice of trustee sale was recorded in March 2009, signed by "Randy Middleton."

---

[5] Defendants ask, and there is no record of Plaintiff opposing, that the Court take judicial notice of various recorded documents associated with Plaintiff's purchase of the property, the loan secured by a deed of trust, and subsequent appointment of trustees and beneficiaries.  RFJN, Exs. A-M.  "[A] court may take judicial notice of 'matters of public record.'"  Sami v. Wells Fargo Bank, 2012 WL 967051, at *4 (N.D. Cal.) (citation omitted). The Court GRANTS this request.

United States District Court
For the Northern District of California

In June 2009, Plaintiff entered into a loan modification agreement with Wells Fargo Bank.  RFJN, Ex. G.  In July 2009, the notice of default was rescinded by NDEx West.  RFJN, Ex. F.  The notice of rescission was signed by "Randy Middleton."  RFJN, Ex. H.  Plaintiff alleges "Randy Middleton" is a robo-signer.  Compl. ¶ 8-9.

In July 2011, another assignment of the deed of trust was recorded, again documenting that MERS assigned its beneficial interests to HSBC.  RFJN, Ex. H.  Plaintiff alleges that the assignment of deed of trust either does not exist or was fabricated.  Compl. ¶¶ 14, 46.[6]

In April 2012, NDEx West, as agent for Wells Fargo Bank, recorded a notice of default on Plaintiff's modified loan.  RFJN, Ex. I.  Also in April 2012, HSBC substituted NDEx West as trustee under the deed of trust.  RFJN, Ex. J.  Between July 2012 and November 2013, NDEx West recorded three notices of trustee's sale. RFJN, Exs. K, L & M.  There is no record of an actual foreclosure sale.

Plaintiff does not allege any facts regarding DB or Deutsche Bank Securities, nor does she bring any claims against them.

Plaintiff's complaint asserts six causes of action against all Defendants: (1) declaratory relief to determine the status of Defendants' claims; (2) a request to set aside the deed of trust;

---

[6] Plaintiff is not clear as to which assignment of the deed of trust is invalid.  Both the 2009 and 2011 assignments were from MERS to HSBC as trustee for the Deutsche Bank certificate holders. RFJN, Exs. D & H.  It is not clear from any of the documents why two assignments were recorded conveying the same information two years apart.

United States District Court
For the Northern District of California

(3) violation of California Business and Professions Codes section 17200; (4) a request to void or cancel the trustee's deed upon sale; (5) an accounting; and (6) quiet title.[7]

In addition to the relief she requests for each of her claims, Plaintiff asks for "compensatory, special and general damages in excess of $5,000,000, against each of the Defendants" as well as "punitive and exemplary damages in an amount to be determined by the Courts [sic] against all Defendants," costs of suit and attorney's fees.  Compl. 14.

LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  The plaintiff must proffer "enough facts to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court

_____

[7] It is worth noting that Plaintiff fails to allege any claims related to the Homeowners Bill of Rights (HBOR) in her complaint.  She does, however, invoke the HBOR in her opposition to Defendants' motion to dismiss.  The HBOR, codified at California Civil Code section 2924 et seq., provides protections to California homeowners faced with foreclosure.  In particular, its two main provisions restrict "dual-track" foreclosures, where a lender pursues a loan modification with a borrower while also pursuing foreclosure, and it guarantees homeowners a single point of contact with their lender.  Plaintiff has not alleged that her loan was subject to a dual-track process, nor does she allege that she has been denied a single point of contact with her lender.  Plaintiff does allege that her loan documents were signed by a "robo-signer."  Compl. ¶ 8-9.  However, "the prevailing view [is] that plaintiff homeowners lack standing to challenge the validity of robo-signatures."  Mendoza v. JPMorgan Chase Bank, N.A., 228 Cal. App. 4th 1020, 1036 (2014).

**United States District Court**
For the Northern District of California

to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. Metzler Inv. GMBH v. Corinthian Colls., Inc., 540 F.3d 1049, 1061 (9th Cir. 2008). The court's review is limited to the face of the complaint, materials incorporated into the complaint by reference, and facts of which the court may take judicial notice. Id. at 1061. However, the court need not accept legal conclusions, including "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).

DISCUSSION

Defendants seek to dismiss Plaintiff's complaint in its entirety.

I. First Cause of Action: Declaratory Judgment

Plaintiff's first cause of action requests that the Court "declare the actual rights and obligations of the Parties and make a determination as to whether Defendant [sic] was the lawful successor in interest to fraudulent lien claim against Plaintiff is enforceable [sic] and whether it is secured by an [sic] right, title, or interest in Plaintiff's Property." Compl. ¶ 40. The Wells Defendants argue that "declaratory relief is not an independent cause of action, but only a remedy." Docket No. 13 at 6. They also argue that there is "no actual controversy to support declaratory relief." Id. DB argues that Plaintiff alleges no facts "to show either entity [DB or Deutsche Bank Securities] claims a current lien interest in the property adverse to Plaintiff." Docket No. 23 at 6. The Court GRANTS both Defendants' motions to dismiss this claim.

Under the Declaratory Judgment Act (DJA), "in a case of actual controversy within its jurisdiction, upon the filing of an appropriate pleading, [any federal court] may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201; see also DeFeo v. Procter & Gamble Co., 831 F. Supp. 776, 777-78 (N.D. Cal. 1993). The "actual controversy" requirement of the DJA is the same as the "case or controversy" requirement of Article III of the United States Constitution. Am. States Ins. Co. v. Kearns, 15 F.3d 142, 143 (9th Cir. 1993). The declaratory judgment plaintiff must establish that the "facts alleged under all the circumstances show that there is a substantial controversy between parties having adverse legal

United States District Court
For the Northern District of California

interests of sufficient immediacy and reality to warrant the issuance of declaratory judgment." <u>Micron Tech., Inc. v. Mosaid Techs., Inc.</u>, 518 F.3d 897, 901 (Fed. Cir. 2008) (citation omitted).

Plaintiff's declaratory relief claim is based on the same facts alleged to support her other causes of action. This claim fails for the same reasons the other claims fail, as will be discussed below. Accordingly, the Court GRANTS Defendants' motions to dismiss this claim. Plaintiff is granted leave to amend to remedy the deficiencies noted in this as well as her other causes of action if she can do so truthfully and without contradicting the allegations in her prior pleadings.

II. Second Cause of Action: Set Aside Deed of Trust

Plaintiff requests that the Court set aside the deed of trust that secures the property. Plaintiff appears to be referring not to the original deed of trust that secures the loan on her home, but to both the 2009 and 2011 assignments of the deed of trust which transfer the beneficial interests in the deed from MERS to HSBC. <u>See</u> <u>e.g.</u>, Compl. ¶ 36 ("The Plaintiff alleges that defendants were willingly and knowingly the successor in interest of a [sic] invalid lien assignment . . . and lack the legal rights to foreclose on the plaintiff's home.") Plaintiff further alleges that "neither defendants had or have a secured, unsecured legal, equitable or pecuniary interest in the lien evidenced by the Deed of Trust and that its purported assignment has no value since the Deed of Trust was fraudulent and wholly unsecured." Compl. ¶ 34. Plaintiff alleges that, if the deed of trust is not set aside, she will be subject to "a cloud on [her] title to the Property in that

1  it restricts [her] right to the use and enjoyment of the Property

2  [and] hinders [her] right to unrestricted alienation of the

3  Property."  Compl. ¶ 51.

4      For the reasons discussed below, the Court GRANTS Defendants'

5  motions to dismiss this cause of action.

6      A. Tender

7      The Wells Defendants argue that Plaintiff lacks standing to

8  assert this claim because she has failed to tender the undisputed

9  obligation in full.  Docket No. 13 at 3.  Plaintiff alleges that

10  she "has offered to and is ready, willing and able to

11  unconditionally tender [her] obligation to whomever it is

12  determined [she] lawfully owes [her] debt to."  Compl. ¶ 33.  As

13  an alternative, Plaintiff argues that she is exempt from the

14  tender requirement.

15      "As a general rule, a homeowner in default must first tender

16  payment of the obligation in full to achieve standing to challenge

17  nonjudicial foreclosure proceedings."  Mendoza, 228 Cal. App. 4th

18  at 1028.  "Because the action is in equity, a defaulted borrower

19  who seeks to set aside a trustee's sale is required to do equity

20  before the court will exercise its equitable powers.

21  Consequently, as a condition precedent to an action by the

22  borrower to set aside the trustee's sale on the ground that the

23  sale is voidable because of irregularities in the sale notice or

24  procedure, the borrower must offer to pay the full amount of the

25  debt for which the property was security.  The rationale behind

26  the rule is that if [the borrower] could not have redeemed the

27  property had the sale procedures been proper, any irregularities

28  in the sale did not result in damages to the [borrower]."  Lona v.

**United States District Court**
For the Northern District of California

1  <u>Citibank, N.A.</u>, 202 Cal. App. 4th 89, 112 (2011)(internal

2  quotations and citations omitted).

3      However, "[r]ecent opinions in this court . . . reflect a

4  split in authority as to whether the tender rule should apply in

5  situations where a sale is pending." <u>Ford v. Lehman Bros. Bank,</u>

6  <u>FSB</u>, 2012 WL 2343898, at *4 (N.D. Cal.)(<u>compare</u> <u>Hague v. Wells</u>

7  <u>Fargo Bank, N.A.</u>, 2011 WL 6055759, at *5 (N.D. Cal.) ("[T]ender is

8  not required in this [lending fraud] case, as the foreclosure at

9  issue has not yet occurred . . ."), <u>with</u> <u>Alicea v. GE Money Bank</u>,

10  2009 WL 2136969, at *3 (N.D. Cal.) (applying the tender rule to

11  deny all claims premised on wrongful foreclosure aimed at

12  preventing the foreclosure sale).

13      This Court finds that the tender rule is applicable when a

14  plaintiff seeks to set aside a deed of trust or requests a quiet

15  title.  Plaintiff cannot claim exclusive rights to the property

16  without first paying her obligation in full.  Further, the Court

17  finds that Plaintiff's offer must be a "valid and viable tender of

18  payment of the indebtedness owing" in order to support her action

19  to cancel a voidable sale under a deed of trust.  <u>FPCI RE-HAB 01</u>

20  <u>v. E&G Investments, Ltd.</u>, 207 Cal. App. 3d 1018, 1021 (1989); <u>see</u>

21  <u>also</u> <u>Karlsen v. Am. Sav. & Loan Assn.</u>, 15 Cal. App. 3d 112, 118

22  (1971)("Simply put, if the offeror is without the money necessary

23  to make the offer good and knows it the tender is without legal

24  force or effect.")  Plaintiff does not allege any facts to support

25  that she "has the money necessary to make the offer good."

26  Therefore, her offer to tender is neither valid nor viable.

27      There are exceptions, however, to the tender requirement.

28  <u>Lona</u>, 202 Cal. App. 4th at 112-113.  "First, if the borrower's

10

**United States District Court**
For the Northern District of California

action attacks the validity of the underlying debt, tender is not required since it would constitute an affirmation of the debt." Id. at 113. "Second, a tender will not be required when the person who seeks to set aside the trustee's sale has a counter-claim or set-off against the beneficiary. In such cases, it is deemed that the tender and the counter claim offset one another, and if the offset is equal to or greater than the amount due, a tender is not required." Id. "Third, a tender may not be required where it would be inequitable to impose such a condition on the party challenging the sale." Id. "Fourth, no tender will be required when the trustor is not required to rely on equity to attack the deed because the trustee's deed is void on its face." Id. "Courts have found exceptions to the tender rule if 'a sale is void, rather than simply voidable,' as when an incorrect trustee forecloses on a property." Subramani v. Wells Fargo Bank N.A., 2013 WL 5913789, at *4 (N.D. Cal.) (citation omitted).

As an alternative to tendering her full obligation, Plaintiff seeks exemption from the tender rule under the fourth exception. In Subramani, the plaintiff argued that the defendant failed to assign the deed of trust or endorse the note so that "after Defendant sold the Loan, neither Defendant nor anyone else had any right to or interest in the Loan, so all legal notices associated with the note and [deed of trust] -- including the [substitutions of trustee], [notices of default], and the foreclosure sale itself -- are illegal and void." Id. at *2. Plaintiff's allegations are different from those in Subramani. Plaintiff does not allege that Defendants failed to assign the deed of trust. Rather, Plaintiff alleges that the document recording the assignment of

**United States District Court**
For the Northern District of California

the deed of trust is fraudulent.  To qualify for this exemption, Plaintiff must allege sufficient facts to support her claim that the assignment of the deed of trust was fraudulent.

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b).  "Therefore, in an action based on state law, while a district court will rely on state law to ascertain the elements of fraud that a party must plead, it will also follow Rule 9(b) in requiring that the circumstances of the fraud be pleaded with particularity." Marolda v. Symantec Corp., 672 F. Supp. 2d 992, 996 (N.D. Cal. 2009); see also Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009).  "[W]hen the claim is 'grounded in fraud,' the pleading of that claim as a whole is subject to Rule 9(b)'s particularity requirement." Marolda, 672 F. Supp. 2d at 997 (citing Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1104).  Rule 9(b) requires the plaintiff to allege "the who, what, when, where, and how" of the alleged fraudulent conduct. Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997).  A plaintiff must describe the alleged fraud in specific enough terms "to give defendants notice of the particular misconduct so that they can defend against the charge." Kearns, 567 F.3d at 1124.

Plaintiff does not plead with the required particularity that the document recording the assignment of the deed of trust is fraudulent.  She does not allege any facts stating which Defendant did what to support her claim.  Thus Plaintiff does not satisfy any of the requirements to be exempted from tender, nor does she allege a valid and viable tender of her obligation, in full, to support her claim to set aside the deed of trust.

United States District Court
For the Northern District of California

Accordingly, the Court GRANTS the Wells Defendants' motion to dismiss this claim. Plaintiff is granted leave to amend to remedy the deficiencies noted above if she can do so truthfully and without contradicting the allegations in her prior pleadings.

B. Pre-Suit Notice and Opportunity to Cure

Even if Plaintiff's claim to set aside the deed of trust did not fail for lack of tender, the Wells Defendants further argue that Plaintiff is prohibited from bringing this claim because "she failed to comply with the presuit notice and opportunity to cure provision in the deed of trust." Docket No. 13 at 14-15. In Hollowell v. Alliance Bancorp, Inc., 2011 WL 2884801, at *1 (N.D. Cal.), the court dismissed a plaintiff's claim alleging breach of the terms of a mortgage contract until she showed that she "either complied with the contractual provision requiring her to afford defendants the opportunity to cure any asserted breach of the terms of the Deed of Trust prior to filing suit . . . or that she is excused from having to so comply."

Section 20 of the deed of trust provides:

> Neither Borrower nor Lender may commence, join, or be joined to any judicial action . . . that arises from the other party's action pursuant to this Security Instrument . . . until such Borrower or Lender has notified the other party . . . and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. RFJN, Ex. A.

Plaintiff does not allege that she has complied with the provision as it pertains to her cause of action to set aside the deed of trust. This claim depends specifically on Plaintiff's allegations of irregularities and fabrication of mortgage documents. Nor has Plaintiff alleged that she is excused from complying with the provision. Accordingly, for this reason as

13

well, the Court GRANTS the Wells Defendants' motion to dismiss Plaintiff's request to set aside the deed of trust.  Plaintiff is granted leave to amend to remedy this deficiency.  If Plaintiff wishes to pursue this claim in any amended complaint, she must first give Defendants notice of her claims within seven days of the date of this order.  Defendants will then have twenty-one days to cure before these claims can be re-filed.

C. Failure to State a Claim

Plaintiff's request to set aside the deed of trust also fails to state a "legally cognizable claim and the grounds on which it rests." Twombly, 550 U.S. at 555.  Defendants argue that Plaintiff has not alleged facts sufficient to support this cause of action.

In general, "California courts have refused to delay the non-judicial foreclosure process by allowing trustor-debtors to pursue preemptive judicial actions to challenge the right, power, and authority of a foreclosing 'beneficiary' or beneficiary's 'agent' to initiate and pursue foreclosure." Jenkins v. JPMorgan Chase Bank, N.A., 216 Cal. App. 4th 497, 511-12 (2013).  A plaintiff can pursue such an action only if there is a "specific factual basis for alleging that the foreclosure was not initiated by the correct party." Id. at 512.

Plaintiff suggests three theories to support her claim that the foreclosure was not initiated by the correct party, rendering the initiation of foreclosure void.  First, Plaintiff alleges that "there is no evidence in the Record to indicate that the Deed of Trust was ever transferred concurrently with the purported legal transfer of the Note, such that the Deed of Trust and Note has

been irrevocably separated, thus making a nullity out of the
purported security in a property." Compl. ¶ 23.

This theory is unpersuasive. "It is well established that
when a note secured by a mortgage is transferred, 'transfer of the
note carries with it the security, without any formal assignment
or delivery, or even mention of the latter.' Thus, transfer of
the note without the mortgage does not cause the mortgage to
become null, nor the note to become unsecured; the mortgage
automatically follows the note." Davidson v. Countrywide Home
Loans, Inc., 2010 WL 962712, at *5 (S.D. Cal.)(citing Carpenter v.
Longan, 83 U.S. 271, 275 (1872); see also Cal. Civ. Code § 2936
("The assignment of a debt secured by mortgage carries with it the
security."). Accordingly, the Court rejects Plaintiff's claim
that the note and the deed of trust have been split and therefore
are unenforceable.

According to Plaintiff's second theory, the securitization of
the note renders the note "no longer a Note." Compl. ¶ 21.
Plaintiff claims that "once a loan has been securitized . . . it
forever loses its security component (i.e. the Deed of Trust) and
the right to foreclose through the Deed of Trust is lost forever."
Compl. ¶ 22.

Defendants respond that the assertion that securitization
renders a note unenforceable is incorrect. "The argument that
parties lose interest in a loan when it is assigned to a trust
pool . . . [has] been rejected by numerous district courts." Lane
v. Vitek Real Estate Indus. Grp., 713 F. Supp. 2d 1092, 1099 (E.D.
Cal. 2010). "Other courts in this district have summarily
rejected the argument that companies like MERS lose their power of

15

1  sale pursuant to the deed of trust when the original promissory
2  note is assigned to a trust pool." Benham v. Aurora Loan Serv.,
3  2009 WL 2880232, at *3 (N.D. Cal.).

4     Like Plaintiff here, the plaintiff in Benham "argue[d], in
5  broad terms, that Defendants sold Plaintiff's loan to financial
6  entities who pooled the loans, put them into trusts, and sold
7  securities based on them.  As a result, according to Plaintiff,
8  Defendants and MERS are no longer entitled to enforce the security
9  interest under the note and the deed of trust." Id.  The Benham
10 court rejected this claim, explaining that "the Deed of Trust
11 states that the Note or a partial interest in the Note (together
12 with this Security Instrument) can be sold one or more times
13 without prior notice to Borrower." Id. (citation omitted).  In
14 this case, an identical statement appears in the deed of trust
15 between Plaintiff and Wells Fargo.  RFJN, Ex. A.  The Court
16 therefore rejects Plaintiff's contention that securitization of
17 her loan makes it unenforceable.

18     Plaintiff's third theory is that the 2011 assignment of the
19 deed of trust in favor of HSBC as trustee for the Deutsche
20 Certificates is fabricated.  Compl. ¶ 10-14, Ex. A.  Plaintiff
21 alleges that if that assignment is fabricated, HSBC lacks the
22 legal authority to foreclose on Plaintiff's property.  Defendants
23 respond that Plaintiff fails to provide any factual allegations as
24 to the particulars of the alleged fabrication of this assignment.

25     As stated above, a plaintiff can pursue an action to delay
26 the non-judicial foreclosure process if there is a "specific
27 factual basis for alleging that the foreclosure was not initiated
28 by the correct party." Jenkins, 216 Cal. App. 4th at 512

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

(citation omitted).  Plaintiff does not allege with specificity who fabricated the document, nor does she allege any reason to believe that the document was fabricated.  Therefore, this theory fails as well.

Accordingly, the Court GRANTS Defendants' motions to dismiss this cause of action for the additional reason that it fails to state a claim.  Plaintiff is granted leave to amend to remedy the deficiencies noted above if she can do so truthfully and without contradicting the allegations in her prior pleadings.

III. Third Cause of Action: Violation of California
     Business and Professions Code section 17200 et seq.

Plaintiff alleges that Defendants engaged in "unfair, unlawful, and fraudulent business practices with respect to mortgage loan servicing."  Compl. ¶ 58.

The California Unfair Competition Law (UCL), California Business and Professions Code section 17200 et seq., prohibits "any unlawful, unfair or fraudulent business act or practice."  Because section 17200 is written in the disjunctive, it establishes three types of unfair competition.  Davis v. Ford Motor Credit Co., 179 Cal. App. 4th 581, 593 (2009).  Therefore, a practice may be prohibited as unfair or deceptive even if it is not unlawful and vice versa.  Podolsky v. First Healthcare Corp., 50 Cal. App. 4th 632, 647 (1996).

A. Unlawful Business Practice

An unlawful business practice includes anything that can be called a business practice and that is forbidden by law.  Ticconi v. Blue Shield of Cal. Life & Health Ins., 160 Cal. App. 4th 528, 539 (2008).  Any federal, state or local law can serve as a

**United States District Court**
For the Northern District of California

predicate for an unlawful business practice action.  <u>Smith v. State Farm Mut. Auto. Ins. Co.</u>, 93 Cal. App. 4th 700, 718 (2001). Thus, the UCL incorporates violations of other laws and treats them as unlawful practices independently actionable under the UCL. <u>Id.</u>; <u>Chabner v. United of Omaha Life Ins. Co.</u>, 225 F.3d 1042, 1048 (9th Cir. 2000); <u>Cel-Tech Communs., Inc. v. L.A. Cellular Tel. Co.</u>, 20 Cal. 4th 163, 180 (1999).

Plaintiff claims Defendants' actions were unlawful and fraudulent according to California Penal Code section 532(f)(a)(4) ("A person commits mortgage fraud if, with the intent to defraud, the person does any of the following . . . Files or causes to be filed with the recorder of any county in connection with a mortgage loan transaction any document the person knows to contain a deliberate misstatement, misrepresentation, or omission") and California Civil Code section 1095 ("When an attorney in fact executes an instrument transferring an estate in real property, he must subscribe the name of his principal to it, and his own name as attorney in fact.").

As discussed above, Plaintiff has failed to allege, against any Defendant, facts sufficient to support any claim of a violation of a predicate law.  Furthermore, as discussed above, Plaintiff has failed to plead, with particularity, her fraud allegations as required by Rule 9(b).  Plaintiff, therefore, fails to allege sufficient facts to support an unlawful business practices claim.

B. Unfair Business Practice

Plaintiff alleges that Defendants' misconduct "gave Defendants an unfair competitive advantage over their

competitors." Compl. ¶ 62.  She also alleges that "as a direct
and proximate result of the actions of Defendants . . . [she] has
been injured in that a cloud has been placed upon title to [her]
Property and Defendants, [sic] have failed to remove this cloud
from [her] title."  Id. at ¶ 65.  Defendants respond that
Plaintiff fails to plead any facts in particular as required by
Rule 9(b), and also does not plead any facts that support the
claim that Defendants' unfair actions caused her injuries.

The California Supreme Court has not established a definitive
test to determine whether a business practice is unfair under the
UCL.  See Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 20
Cal. 4th 163, 187 n.12 (1999) (stating that the test for
unfairness in cases involving business competitors is "limited to
that context" and does not "relate[ ] to actions by consumers.");
Davis v. HSBC Bank Nevada, N.A., 691 F.3d 1152, 1170 (9th Cir.
2012)("The California courts have not yet determined how to define
'unfair' in the consumer action context after Cel-Tech.").
California courts of appeal have applied three different tests to
evaluate claims by consumers under the UCL's unfair business
practices prong.  Drum v. San Fernando Valley Bar Ass'n, 182 Cal.
App. 4th 247, 256 (2010).

Under one test, a consumer must allege a "violation or
incipient violation of any statutory or regulatory provision, or
any significant harm to competition."  Id. at 256.  The "public
policy which is a predicate to a consumer unfair competition
action under the 'unfair prong' of the UCL must be tethered to
specific constitutional, statutory, or regulatory provisions."
Id.

19

United States District Court
For the Northern District of California

Under the second test, the "unfair prong" requires a consumer to plead that (1) a defendant's conduct "is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers" and (2) "the utility of the defendant's conduct" is outweighed by "the gravity of the harm to the alleged victim." Id. at 257 (citing Smith v. State Farm Mut. Auto. Ins. Co., 93 Cal. App. 4th 700, 718-719 (2001)) ("The test of whether a business practice is unfair involves an examination of [that practice's] impact on its alleged victim, balanced against the reasons, justifications and motives of the alleged wrongdoer.  In brief, the court must weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim.") (citation omitted).

The third test, which is based on the Federal Trade Commission's definition of unfair business practices, requires that, as a result of unfair conduct, "(1) the consumer injury must be substantial; (2) the injury must not be outweighed by any countervailing benefits to consumers or competition; and (3) it must be an injury that consumers themselves could not reasonably have avoided." Id. (citing Camacho v. Auto. Club of S. Cal., 142 Cal. App. 4th 1394, 1402-1405 (2006)).

In Lozano v. AT&T Wireless Serv., Inc., 504 F.3d 718, 736 (9th Cir. 2007), the Ninth Circuit endorsed the tethering test or the balancing test and declined "to apply the FTC standard in the absence of a clear holding from the California Supreme Court." See Ferrington v. McAfee, Inc., 2010 WL 3910169, at *12 (N.D. Cal.) ("Pending resolution of this issue by the California Supreme Court, the Ninth Circuit has approved the use of either the balancing or the tethering tests in consumer actions, but has

rejected the FTC test.") (citation omitted); <u>I.B. ex rel. Fife v. Facebook, Inc.</u>, 905 F. Supp. 2d 989, 1010-11 (N.D. Cal. 2012). Plaintiff's claim of an unfair business practice fails because she does not allege that Defendants' conduct violates an existing statute, nor does she allege facts sufficient to support her claim that Defendants' actions were "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." Plaintiff, therefore, fails to allege facts sufficient to support an unfair business practices claim.

C. Fraudulent Business Practice

"A fraudulent business practice is one in which members of the public are likely to be deceived." <u>Morgan v. AT&T Wireless Servs., Inc.</u>, 177 Cal. App. 4th 1235, 1254 (2009).

Plaintiff's claims based on fraudulent business practices lack the particularity required by Rule 9(b). As discussed above, Plaintiff makes broad assertions unsupported by factual allegations. She does not allege any facts to support her claim that the assignment of the deed of trust was fabricated and she does not specify what role, if any, each Defendant played in the alleged fabrication and fraud. Therefore, Plaintiff fails to satisfy the requirements of Rule 9(b).

Because Plaintiff's claims under all three prongs fail, the Court GRANTS Defendants' motions to dismiss the UCL causes of action. Plaintiff is granted leave to amend to remedy the deficiencies noted above if she can do so truthfully and without contradicting the allegations in her prior pleadings.

**United States District Court**
For the Northern District of California

IV. Fourth Cause of Action: Void or Cancel Trustee's Deed
     Upon Sale

Plaintiff's fourth cause of action asks the Court to void or cancel the trustee's deed upon sale.  The Court GRANTS Defendants' motions to dismiss this claim.

In order for the Court to void or cancel a trustee's deed upon sale, there must have been a foreclosure sale.  See <u>Moeller v. Lien</u>, 25 Cal. App. 4th 822, 831 (1994).  Despite Plaintiff's apparent belief to the contrary, there is no trustee's deed upon sale to void given that there is no indication that a foreclosure sale has occurred.  Furthermore, as discussed above with regard to the claim to set aside the deed of trust, if there had been a foreclosure sale, Plaintiff would have to allege a valid and viable tender in full to void the deed upon sale.  Also, as discussed above, she would have to provide notice and opportunity to cure.

Accordingly, the Court GRANTS Defendants' motions to dismiss this cause of action.  Plaintiff is granted leave to amend to remedy this deficiency if she can do so truthfully and without contradicting the allegations in her prior pleadings.

V. Fifth Cause of Action: Accounting

Plaintiff requests an accounting for the payments she made to Defendants, alleging that, due to fraud, none of the money she paid was actually owed to Defendants.  The Wells Defendants argue that "accounting is only a valid claim where the defendant owes the plaintiff money -- not the other way around."  Docket No. 13 at 13.  DB argues that Plaintiff does not allege any facts to show that she paid DB any money.

"A cause of action seeking an accounting may be maintained when (1) a relationship exists between a plaintiff and defendant that requires an accounting, and (2) some balance is due to the plaintiff that can only be ascertained by an accounting." Shkolnikov v. JPMorgan Chase Bank, 2012 WL 6553988, at *23 (N.D. Cal.).  The relationship need not be fiduciary.  Id.  "But '[a]n action for accounting is not available where the plaintiff alleges the right to recover a sum certain or a sum that can be made certain by calculation.'"  Id. (citing Penney v. Wells Fargo Bank, 2012 WL 2071705, at *13 (C.D. Cal.)).

Plaintiff has not alleged any facts that would warrant an accounting because there is no indication that there is a balance due to Plaintiff.  Instead, Plaintiff "has offered to and is ready, willing, and able to unconditionally tender his [sic] obligation to whomever it is determined he [sic] lawfully owes his [sic] debt to."  Compl. ¶ 32.  Plaintiff does not dispute what she owes under the deed of trust; rather she purports to question to whom it is owed.

Accordingly, the Court GRANTS Defendants' motions to dismiss this cause of action.  Plaintiff is granted leave to amend to remedy these deficiencies if she can do so truthfully and without contradicting the allegations in her prior pleadings.

VI. Sixth Cause of Action: Quiet Title

Plaintiff requests that the Court make a "judicial declaration that title to the . . . Property is vested solely in Plaintiff[.]"  Compl. ¶ 83.  Defendants argue that Plaintiff's cause of action to quiet title fails for the same reasons her

causes of action to set aside the deed of trust and void or cancel the deed of trust fail.

"The purpose of a quiet title action is to finally settle and determine, as between the parties, all conflicting claims to the property in controversy, and to decree to each such interest or estate therein as he may be entitled to." Rosenfeld v. JPMorgan Chase Bank, N.A., 732 F. Supp. 2d 952, 974 (N.D. Cal. 2010) (internal quotation marks and citations omitted). A quiet title action must include: "(1) a description of the property in question; (2) the basis for plaintiff's title; and (3) the adverse claims to plaintiff's title." Ananiev v. Aurora Loan Servs., LLC, 2012 U.S. Dist. LEXIS 132489, at *9-10 (N.D. Cal.); Cal. Civ. Proc. Code § 760.020. "In order to satisfy the second requirement, plaintiff must allege that he has discharged his debt, regardless to whom it is owed." Id. (citing Kelley v. Mortg. Elec. Registration Sys., Inc., 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009)); see also Miller v. Provost, 26 Cal. App. 4th 1703, 1707 (1994) ("This rule was based on the equitable principle that a mortgagor of real property cannot, without paying his debt, quiet his title against the mortgagee.").

Plaintiff seeks to remove all clouds from her title and requests a determination that she holds title to the property, free from all claims of Defendants, apparently including the original promissory note and deed of trust. Compl. ¶ 66. As discussed above with respect to the claim to set aside and the claim to void the sale, Plaintiff must tender her obligation in full to show that she has satisfied her debt, and she must provide

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1  pre-suit notice and opportunity to cure.  Without tender and

2  providing notice, Plaintiff has not stated a claim to quiet title.

3       Accordingly, the Court GRANTS Defendants' motions to dismiss

4  this cause of action.  Plaintiff is granted leave to amend to

5  remedy this deficiency if she can do so truthfully and without

6  contradicting the allegations in her prior pleadings.

7                          CONCLUSION

8       For the reasons set forth above, the Court GRANTS Defendants'

9  motions to dismiss (Dockets No. 13 and 23) and GRANTS Plaintiff

10 leave to amend.  In her amended complaint Plaintiff must state,

11 within each cause of action, which Defendant she accuses and the

12 alleged actions of that Defendant.  Plaintiff may not, absent a

13 foreclosure sale, renew her claim to void or cancel the trustee's

14 deed upon sale.  She must also satisfy the requirement of pre-suit

15 notice and opportunity to cure.  Likewise, Plaintiff may not

16 include in an amended complaint her claims to set aside the deed

17 of trust and quiet title without satisfying the requirements of

18 pre-suit notice and opportunity to cure.  If Plaintiff wishes to

19 pursue these claims in any amended complaint, she must first give

20 Defendants notice of her claims within seven days of the date of

21 this order.  Defendants will then have twenty-one days to cure

22 before these claims can be re-filed.  If Defendants do not cure,

23 Plaintiff may, within seven days thereafter, file an amended

24 complaint alleging notice and failure to cure and remedying the

25 other deficiencies identified above.  She may not add further

26 claims or allegations not authorized by this order.  In any event,

27 Plaintiff must file any amended complaint within five weeks of the

28 date of this order.

If Plaintiff files an amended complaint, Defendants shall respond to it within fourteen days after it is filed.  If Defendants file a motion to dismiss, Plaintiff shall respond to the motion within fourteen days after it is filed.  Plaintiff must file a brief that responds only to the arguments raised in Defendants' motion.  If Plaintiff files an opposition that is inapplicable to this case or does not respond to Defendants' arguments, the Court will consider the motion to be unopposed and will grant it.  Defendants' reply, if necessary, shall be due seven days thereafter.  Any motion to dismiss will be decided on the papers.

IT IS SO ORDERED.



Dated:   September 26, 2014

CLAUDIA WILKEN
United States District Judge